```
 1  DON E. LANSON, ESQ, SBN:163414
    KEVIN L. DORHOUT, ESQ, SBN: 159377
 2  MANFREDI, LEVINE, ECCLES, MILLER & LANSON, APC
    3262 E. Thousand Oaks Blvd., Suite 200
 3  Westlake Village, CA 91362-3400
    Telephone: (805) 379-1919
 4  Facsimile:  (805) 379-3819
 5  Attorneys for Plaintiffs
    IDG VENTURES VIETNAM, LP a Delaware Limited Partnership
```

FILED
11 JAN 18 AM 10:04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CV11 0500 PA (SHx)

| | |
|---|---|
| IDG VENTURES VIETNAM, LP,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHAN OLAJIDE-HUESSLER, an individual and SANDRA OLAJIDE, an individual,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT BY PLAINTIFF IDG VENTURES VIETNAM, LP, A DELAWARE LIMITED PARTNERSHIP FOR:**<br><br>1. LIBEL<br>2. SLANDER<br>3. BREACH OF CONFIDENTIALITY<br>4. BREACH OF FIDUCIARY DUTY<br>5. TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS<br>6. TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br>7. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE |

Plaintiff IDG Ventures Vietnam LP, a Delaware Limited Partnership alleges as follows:

///
///

---
1
COMPLAINT BY PLAINTIFF IDG VENTURES VIETNAM, LP

## THE PARTIES AND PROCEEDINGS

1. Plaintiff IDG Ventures, Vietnam, LP ("**Plaintiff**"), is a limited partnership formed in the state of Delaware.

2. Defendants STEPHAN OLAJIDE-HUESSLER and SANDRA OLAJIDE (collectively the "**Defendants**") are individuals who Plaintiff is informed and believes are citizens of the Netherlands.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(2) based upon diversity of citizenship and damages in excess of $75,000.00.

4. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) as a substantial portion of the events giving rise to the claims occurred in Los Angeles County and within the judicial district of this Court.

## STATEMENT OF FACTS

5. Plaintiff brings this action for damages and injuctive relief against Defendants Stephan Olajide-Huesler, and Sandra Olajide, arising out of Defendants' unlawful, unfair, negligent, tortious, fraudulent and infringing, pattern of conduct and business practices, including, but not limited to, Defendants' misuse of proprietary and confidential information, as well as Defendant Olajide-Huesler's misuse of his position as a member of the Board Of Directors (the "**Board**") of, and his engagement as interim CFO by, MagNet Solutions, Inc., a corporation duly formed and registered in the state of California (the "**Company**"), all in an attempt by Defendants to illegally secure leverage to gain control in and over the Company for their own benefit and to the detriment of Plaintiff.

6. Plaintiff is one of the largest, one of the most highly regarded and one of the most influential investors in Company, having invested upwards of $1,000,000 into the Company.

///

7. Plaintiff is also a member of the Board of Directors for the Company.

8. Defendants were appointed as members of the Board of Directors for the Company after the Defendants and the Company entered into two separate loan agreements whereby Defendants agreed to lend the Company $500,000 and $200,000 respectively.

9. In addition to being appointed as a Board Member, Defendant Stephan Olajide-Huessler was appointed interim Chief Financial Officer of the Company which provided him with a significant amount of proprietary, confidential, protected, and competitive information about the Company, including, but not limited to, financial information, information about competitors, information about investors, information about other lenders, information about strategic partners of Company, and information about agreements with third parties and related critical information.

10. Commencing in or around mid-2010, towards the latter part of Defendant Olajide-Huesler's appointment as the Interim Chief Financial Officer of the Company and continuing after the Company removed Defendant as the Chief Financial Officer, Defendants Stephan Olajide-Huessler and Sandra Olajide engaged in a series of written and verbal communications (collectively, the "**Communications**") wherein they made numerous unfounded, misleading and false allegations about Company, its management, and its investors, including Plaintiff.

11. The Communications, all of which are believed to have originated in Los Angeles while the Defendants resided in Beverly Hills, California, include e-mails written by Defendants on December 7, October 26, 2010, October 25, 2010, October 23, 2010, and October 21, 2010, wherein statements were made that the Company was being mismanaged, that the Company was "bankrupt", that certain potentially lucrative opportunities were "dead", that the management had committed fraud, and was committing fraud, on its investors and other lenders,

3

that a "significant" change in senior management of the Company was necessary, that Plaintiff, in its role as a member of the Board Of Directors of Company, had engaged in inappropriate conduct and acted in a fraudulent manner towards other investors and Board members, that changes to the Board Of Directors of Company were necessary, that Defendants were in fact investors in Company with rights attendant thereto (as opposed to lenders with no rights as shareholders) as well as proprietary and confidential information about Company and Plaintiff which such information was gained by Defendant Stephan Olajide-Huessler by virtue of his engagement by Company, and his position as a member of the Board of Directors of Company.

12. Defendants also alleged in these written communications that Plaintiff had participated in major discussions with Defendant Stephan Olajide-Huessler regarding substantially all of the allegations contained in these communications, and that Plaintiff agreed with these allegations and fully supported the allegations and the proposed solutions and resolutions.

13. The allegations that Plaintiff had participated in major discussions with Defendant Stephan Olajide-Huessler regarding substantially all of the allegations contained in these communications, and that Plaintiff agreed with these allegations and fully supported the allegations and the proposed solutions and resolution, is completely false, malicious and defamatory, and has been, and continues to be, materially damaging to Plaintiff's standing and reputation with respect to its position regarding Company, and in the investment community in general.

14. Upon information and belief, Defendant also engaged in a pattern of verbal communications to some or all of the third parties set forth above, containing similar false, malicious, defamatory, confidential and proprietary information.

///

15. These written and verbal communications, contained proprietary, confidential, false, misleading, malicious, fraudulent and other information, and were forwarded to, or shared with, Company management, investors in Company, Company lenders, strategic partners of Company, employees of Company, independent contractors of Company, and/or other third parties.

16. Defendants have also alleged that the Defendant Stephan Olajide-Huessler was owed certain monies relating to services which he failed to provide under the Interim CFO Agreement, and were owed certain monies relating to the reimbursement of expenses incurred by the Defendants in connection with the loans to Company made by the Defendants, which such expenses were not approved for expenditure by Company and that Plaintiff wrongfully prohibited Company to make these reimbursement payments to Defendants.

17. Defendants spread such information in order to gain the support of investors in Company, Company lenders, strategic partners of Company, employees of Company, independent contractors of Company, and/or other third parties, for Defendants' attempt to cause all such third parties to use the financial leverage, to force Company to allow Defendant Stephan Olajide-Huessler to take control of Company's day-to-day business affairs and direction, and remove Company's senior management, as well as Plaintiff as a Board member, all for Defendants' inappropriate personal gain.

18. As a direct and proximate result of Defendants knowing, willful and intentional actions, Plaintiff has been and is likely to continue to be irreparably harmed and injured in its business, has sustained substantial damage to its goodwill and reputation, and has sustained substantial harm, damage and devaluation to its investment in Company.

19. Plaintiff has no adequate remedy at law in connection with the continuing damage to its reputation and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' continuing misconduct.

20. Unless enjoined by the Court, Defendants will continue to conduct themselves in this malicious manner, divulging and spreading proprietary, confidential, misleading, and false information about Plaintiff and Company, causing irreparable harm to Plaintiff and its investment in Company.

21. Accordingly, this Complaint seeks damages, a restraining order, as well as a temporary and permanent injunctive relief.

## FIRST CAUSE OF ACTION FOR LIBEL

22. Plaintiff repeats and realleges paragraphs 1 through 21 of its Complaint as if fully set forth herein.

23. The written Communications were forwarded by Defendants to third parties (in addition to Plaintiff).

24. These written Communications contained false, misleading, and defamatory statements of facts about Plaintiff, which intended to harm the Plaintiff's representation for the benefit of Defendant.

25. Defendants' actions regarding the dissemination of these written Communications were malicious.

26. Defendants have engaged in libelous conduct towards Plaintiff.

27. As a proximate result of Defendants' libelous conduct towards Plaintiff, Plaintiff has been damaged in an unknown amount, in an actual amount subject to proof at time of trial.

## SECOND CAUSE OF ACTION
## FOR SLANDER

28. Plaintiff repeats and realleges paragraphs 1 through 27 of its Complaint as if fully set forth herein.

29. The verbal Communications were communicated and shared by Defendants with third parties (other than Plaintiff).

///
///

6

30. These Communications contained false, misleading, and defamatory statements of facts about Plaintiff, which intended to harm the Plaintiff's representation for the benefit of Defendant.

31. Defendants' actions regarding the dissemination of these verbal Communications were malicious.

32. Defendants have engaged in slanderous conduct towards Plaintiff.

33. As a proximate result of Defendants' slanderous conduct towards Plaintiff, Plaintiff has been damaged in an unknown amount, in an actual amount subject to proof at time of trial.

## THIRD CAUSE OF ACTION
## FOR BREACH OF CONFIDENTIALITY

34. Plaintiff repeats and realleges paragraphs 1 through 33 of its Complaint as if fully set forth herein.

35. Defendant Stephan Olajide-Huessler owed Plaintiff a duty to act in the highest good faith, to avoid seeking any personal advantage by engaging in any misconduct, misrepresentation, threat, adverse pressure, dissemination of false and misleading statements, by using the confidential information duly provided to him, and to avoid taking undue advantage of such confidential information about Plaintiff and Company afforded to Defendant Stephan Olajide-Huessler and the interim CFO, as a member of the Board Of Directors of Company.

36. In breach of his duty not to disclose such confidential information, Defendant Stephan Olajide-Huessler provided Defendant Sandra Olajide with such information and third-parties who received copies of the Communications which contained sensitive and confidential information.

37. Based on the foregoing, Defendant Sandra Olajide also owed Plaintiff a duty to act in the highest good faith, to avoid seeking any personal advantage by engaging in any misconduct, misrepresentation, threat, adverse

7

pressure, dissemination of false and misleading statements, based on this confidential information, and to avoid taking undue advantage of the confidential information about Plaintiff and Company she learned as a result of Defendant Stephan Olajide-Huessler's breach of confidentiality.

38. Both Defendants have breached their duties of confidentiality by engaging in activities, including misconduct, misrepresentation, threat, adverse pressure, dissemination of false and misleading statements about Plaintiff's intentions and positions on the issues set forth above regarding Company, and in their use of proprietary and confidential information to motivate third parties to take certain actions adverse to Plaintiff and Company, and to discredit and defame Plaintiff and Company, in an attempt to gain personal advantage.

39. As a proximate result of Defendants' breach of their respective duties of confidentiality, Plaintiff has been damaged in an unknown amount, in an actual amount subject to proof at time of trial.

## FOURTH CAUSE OF ACTION
## FOR BREACH OF FIDUCIARY DUTY

40. Plaintiff repeats and realleges paragraphs 1 through 39 of its Complaint as if fully set forth herein.

41. By virtue of his position as the interim CFO, and as a member of the Board, Stephan Olajide-Huessler, and by virtue of her position as a member of the Board of Directors of the Company, owed Plaintiff a duty to act in the highest good faith, to avoid seeking any personal advantage by engaging in any misconduct, misrepresentation, threat, adverse pressure, dissemination of false and misleading statements, and to avoid taking undue advantage of the trust, confidence and information about Plaintiff and Company.

42. In breach of their independent fiduciary duties, Defendants shared their knowledge of certain activities relating to Plaintiff and Company gained by

virtue of their position as the interim CFO as to Stephan Olajide-Huessler only, and as member of the Board of Directors.

43. Both Defendants have breached their fiduciary duties by engaging in activities, including misconduct, misrepresentation, threat, adverse pressure, dissemination of false and misleading statements about Plaintiff's intentions and positions on the issues set forth above regarding Company, and in their use of proprietary information to motivate third parties to take certain actions adverse to Plaintiff and Company, and discredit and defame Plaintiff and Company, in an attempt to gain personal advantage.

44. As a proximate result of Defendants' breach of their respective fiduciary duties, Plaintiff has been damaged in an unknown amount, in an actual amount subject to proof at time of trial.

## FIFTH CAUSE OF ACTION
## FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

45. Plaintiff repeats and realleges paragraphs 1 through 44 of its Complaint as if fully set forth herein.

46. Defendants knowingly disseminated false and misleading information about Plaintiff and Company to third party lenders, investors and strategic partners of Company and attempted to use such information, for their own benefit, to cause third party lenders, investors and strategic partners of Company to put financial pressure on Plaintiff and Company to require that Company immediately pay outstanding debts to such third parties, unless Plaintiff and Company agreed to the removal of Plaintiff from the Board Of Directors of Company and Defendants were given control of the Management of the Company.

///
///

47. As a proximate result of Defendants' intentional interference with contractual relations, Plaintiff has been damaged in an unknown amount, in an actual amount subject to proof at time of trial.

48. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and Company, and acted with an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff and Company. Plaintiff is therefore, entitled to an award of punitive damages against Defendants in an amount according to proof at time of trial.

## SIXTH CAUSE OF ACTION
## FOR TORTIOUS INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE

49. Plaintiff repeats and realleges paragraphs 1 through 48 of its Complaint as if fully set forth herein.

50. Defendants knowingly disseminated false and misleading information about Plaintiff and Company to third party lenders, investors and strategic partners of Company and attempted to use such information, for their own benefit, to cause third party lenders, investors and strategic partners of Company to put financial pressure on Plaintiff and Company to refrain from extending any further credit, investment or debt, unless Plaintiff and Company agreed to the removal of Plaintiff from the Board Of Directors of Company and Defendants were given control of the Management of the Company.

51. As a proximate result of Defendants' intentional interference with prospective economic advantage, Plaintiff has been damaged in an unknown amount, in an actual amount subject to proof at time of trial.

52. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and Company, and acted with an improper and evil motive amounting to malice,

and in conscious disregard of the rights of Plaintiff and Company. Plaintiff is therefore, entitled to an award of punitive damages against Defendants in an amount according to proof at time of trial.

## SEVENTH CAUSE OF ACTION
## FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

53. Plaintiff repeats and realleges paragraphs 1 through 52 of its Complaint as if fully set forth herein.

54. Defendants negligently disseminated false and misleading information about Plaintiff and Company to third party lenders, investors and strategic partners of Company and attempted to use such information, for their own benefit, to cause third party lenders, investors and strategic partners of Company to put financial pressure on Plaintiff and Company to refrain from extending any further credit, investment or debt, unless Plaintiff and Company agreed to the removal of Plaintiff from the Board Of Directors of Company and Defendants were given control of the Management of the Company.

55. As a proximate result of Defendants' negligent interference with prospective economic advantage, Plaintiff has been damaged in an unknown amount, in an actual amount subject to proof at time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendants:

A. A temporary restraining order, and a preliminary and permanent injunction enjoining Defendants, their agents, servants and employees, and those people in active and participation with them, from:

1. Disseminating confidential and proprietary information about Plaintiff and Company to any third parties not entitled to such confidential and proprietary information;

11

  2.  Disseminating false and misleading written information about Plaintiff and Company to any third parties:

  3.  Disseminating false and misleading verbal information about Plaintiff and Company to any third parties;

  4.  Using Plaintiff's and Company's proprietary information in any illicit manner against Plaintiff and Company, for Defendants' inappropriate purposes and gain.

B. An order that all documents, contracts, forms, spreadsheets, financial information, contact information, data, and other information, and pertaining to, or about, and owned by Plaintiff and Company, be returned and delivered to Plaintiff or Company as applicable;

C. That Defendants be required to file with the Court, and to serve upon Plaintiff's counsel, within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which Defendants have complied with such injunction or order;

D. Compensatory damages in an amount to be determined at trial;

E. Punitive damages;

F. An award of costs and expenses, including reasonable attorney's fees incurred by Plaintiff in connection with this action, as provided by contract or law, if applicable; and

G Such other and further relief as the Court deems just and proper; and

H. For such other and further relief as the Court deems just and proper.

Dated: January 7, 2011

       MANFREDI, LEVINE, ECCLES,
       MILLER & LANSON, APC

       By: _____
       DON E. LANSON
       Attorneys for Plaintiff
       IDG VENTURES VIETNAM. LP

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
IDG VENTURES VIETNAM, LP

**DEFENDANTS**
STEPHAN OLAJIDE-HUESSLER, an individual and SANDRA OLAJIDE, an individual

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MANFREDI LEVINE ECCLES MILLER & LANSON
3262 E. Thousand Oaks Blvd., Suite 200
Westlake Village, CA 91362        (805) 379-1919

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION** under F.R.C.P. 23: ☐ Yes ☑ No        ☑ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☑ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract |  | ☐ 444 Welfare |  | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise |  |  | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application |  | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions |  |  | FEDERAL TAX SUITS |
|  | ☐ 240 Torts to Land |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**CV11 0500**

FOR OFFICE USE ONLY:    Case Number:
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                            CIVIL COVER SHEET                            Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Delaware |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Netherlands |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date  1/12/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV11- 500 PA (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Don E. Lanson, Esq., SBN 163414
Kevin L. Dorhout, Esq., SBN 159377
MANFREDI LEVINE
3262 E. Thousand Oaks Blvd., Suite 200
Westlake Village, CA 91362    (805) 379-1919

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDG VENTURES VIETNAM, LP,<br><br>PLAINTIFF(S)<br>v.<br><br>STEPHAN OLAJIDE-HUESSLER, an individual and SANDRA OLAJIDE, an individual<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11 0500 PA (SHx)**<br><br>SUMMONS |

TO: DEFENDANT(S): STEPHEN OLAJIDE-HUESSLER and SANDRA OLAJIDE

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Don E. Lanson_____, whose address is _3262 E. Thousand Oaks Blvd., Suite 200, Westlake Village, CA 91362_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 1 8 2011

By: CHRISTOPHER POWERS
Deputy Clerk

*(Seal of the Court)*

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)        **SUMMONS**