# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-500 PA (SHx) | Date | March 4, 2011 |
|---|---|---|---|
| Title | IDG Ventures Vietnam, LP v. Stephan Oladjide-Huessler, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before this Court is a Complaint filed by plaintiff IDG Ventures Vietnam, LP ("Plaintiff") on January 18, 2011.  Plaintiff alleges that jurisdiction is proper in this Court "pursuant to 28 U.S.C. § 1332(a)(2) based upon diversity of citizenship and damages in excess of $75,000.00."  (Complaint at ¶ 3.)

    The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that sets forth a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction . . . ."  Fed. R. Civ. P. 8(a)(1).  This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction."  Local Civil Rule 8-1.  Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress.  Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986).  In seeking to invoke this Court's jurisdiction, Plaintiffs bear the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    Diversity jurisdiction must appear on the face of the pleading.  Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F.2d 302, 304 (9th Cir. 1987).  Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00.  See 28 U.S.C. § 1332; Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). Residence and citizenship are distinct concepts, with significantly different jurisdictional ramifications. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828, 109 S. Ct. 2218, 2221, 104 L. Ed. 2d 893 (1989).  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

    Here, the Complaint fails to properly allege Plaintiff's citizenship.  Specifically, the Complaint alleges that Plaintiff is "a limited partnership formed in the sate of Delaware."  (Complaint at ¶ 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-500 PA (SHx) | Date | March 4, 2011 |
|---|---|---|---|
| Title | IDG Ventures Vietnam, LP v. Stephan Oladjide-Huessler, et al. | | |

These allegations are insufficient to establish complete diversity of citizenship between the parties. Unlike the citizenship of a natural person, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").  Because Plaintiff has not alleged the citizenship of its members, the Court cannot properly determine whether there is complete diversity of citizenship.

      Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.  A district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction.  See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987).  Therefore, the Court grants Plaintiff leave to amend the Complaint to attempt to establish federal subject matter jurisdiction. Plaintiff's Amended Complaint, if any, is to be filed by March 14, 2011.  The failure to file an Amended Complaint by that date may result in the dismissal of this action without prejudice.

      IT IS SO ORDERED.