JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-500 PA (SHx) | Date | March 31, 2011 |
|---|---|---|---|
| Title | IDG Ventures Vietnam, LP v. Stephan Oladjide-Huessler, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

    Before this Court is a First Amended Complaint filed by plaintiff IDG Ventures Vietnam, LP ("Plaintiff") on March 14, 2011. Plaintiff filed the First Amended Complaint after the Court dismissed the original Complaint with leave to amend because that Complaint did not adequately allege a basis for the Court's jurisdiction. As did the original Complaint, the First Amended Complaint ("FAC") alleges that jurisdiction is proper in this Court "pursuant to 28 U.S.C. § 1332(a)(2) based upon diversity of citizenship and damages in excess of $75,000.00." (Complaint at ¶ 3.)

    The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that sets forth a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiffs bear the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    Diversity jurisdiction must appear on the face of the pleading. Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F.2d 302, 304 (9th Cir. 1987). Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). Residence and citizenship are distinct concepts, with significantly different jurisdictional ramifications. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828, 109 S. Ct. 2218, 2221, 104 L. Ed. 2d 893 (1989). A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-500 PA (SHx) | Date | March 31, 2011 |
|---|---|---|---|
| Title | IDG Ventures Vietnam, LP v. Stephan Oladjide-Huessler, et al. | | |

      The FAC alleges that Plaintiff "is a limited partnership formed in the state of Delaware, whose partners consist of United States citizens from Chicago, Illinois and Los Angeles, California, and one limited partner from the Socialist Republic of Vietnam."  (FAC at ¶ 1.)  Unlike the citizenship of a natural person, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").  As a result, Plaintiff is a citizen of California, Illinois, and Vietnam.

      The FAC also alleges that defendants Stephan Olajide-Huessler and Sandra Olajide ("Defendants") are citizens of the Netherlands.  (FAC at ¶ 2.)  This action therefore involves a dispute between two foreign citizens over which the Court lacks subject matter jurisdiction.  See Nike, Inc. V. Comercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 991 (9th Cir. 1994) ("Although the federal courts have jurisdiction over an action between 'citizens of a State and citizens or subjects of a foreign state,' 28 U.S.c. § 1332(a)(2), diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants, such as [a corporation that is a citizen of both Oregon and Bermuda] and these alien defendants.  Nike's presence as a plaintiff does not salvage jurisdiction because diversity must be complete.") (citations omitted).  Because Plaintiff is not completely diverse from Defendants, this Court does not possess diversity jurisdiction over this action.

      Because no amendment could cure the jurisdictional deficiency contained in the FAC, this action is dismissed without prejudice for lack of subject matter jurisdiction.

      IT IS SO ORDERED.